UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DEBORA M. BOATNER** | : | **DOCKET NO. 14-cv-2337** |
| VS. | : | JUDGE TRIMBLE |
| CITY OF LAKE CHARLES, ET AL. | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the court is a motion to remand [doc. 9] filed by plaintiff Debora Boatner (hereinafter "plaintiff"). The motion is opposed by defendants Tim Leger, John Hood, Thomas Quirk, Monica Abshire, Lollie Bowes, Ward Three Lake Charles City Court, and City of Lake Charles (hereinafter collectively referred to as "defendants").

For the following reasons, plaintiff's motion to remand is **DENIED**.

### FACTS AND PROCEDURAL HISTORY

This action was originally filed by plaintiff on June 16, 2014, in the 14th Judicial District Court, Parish of Calcasieu, State of Louisiana. Doc 1, att. 2, pp. 10-25. In her petition plaintiff alleged that defendants discriminated against her on the basis of race, created a hostile work environment, intentionally inflicted emotional distress, harassed, and retaliated against her by denying her a promotion and giving her a negative evaluation. Plaintiff maintains that defendants' misconduct violated her rights protected by 42 U.S.C. § 1983, the 14th Amendment of the U.S. Constitution, as well as Louisiana state laws. *Id.* at ¶¶ 27-29, 36, 41, 46- 48.

On July 18, 2014, defendants removed the suit to this court alleging original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441. Doc. 1. In their notice of removal defendants allege

that plaintiff's petition presents a federal question under 42 U.S.C. § 1983 and the 14th Amendment of the U.S. Constitution. *Id.* at ¶¶ 2-3.

Defendants filed responsive pleadings on July 25, 2014. Docs. 3, 4. Thereafter, on August 18, 2014, plaintiff filed a first supplemental and amending petition [doc.8] and a motion to remand [doc. 9] alleging lack of subject matter jurisdiction. On August 19, 2014, the court issued a notice of deficiency to plaintiff concerning her first supplemental and amending petition.[1] Doc. 10. Plaintiff was given 10 days or until August 29, 2014, in which to correct the pleading deficiencies as outlined in the notice. Plaintiff was cautioned that if the deficiencies were not corrected the document may be stricken by the court.

On September 16, 2014. the court issued an order noting that the noticed deficiencies had not been corrected and struck plaintiff's first supplemental and amending petition from the record. Doc. 18. Although the supplemental and amending petition was stricken from the record, the court notes for purposes of this opinion that the intent of plaintiff's proposed amendment was to remove any reference to federal laws, statutes, or the U.S. Constitution.

## LAW AND ANALYSIS

Defendants are free to "remove to the appropriate federal district court 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'" *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 163 (1997) (quoting 28 U.S.C. § 1441(a)). District courts have original jurisdiction "over cases 'arising under the Constitution, laws, or treaties of the United States.'" *Id.* (quoting 28 U.S.C. § 1331). "[A] cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). The

---

[1] The notice informed plaintiff that the proposed pleading lacked a required motion, a proposed order, and a statement concerning consent of opposing counsel.

burden of proof for establishing jurisdiction is placed upon the party seeking removal. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921)).

In her motion plaintiff asserts that the case should be remanded because the amended petition seeks relief pursuant to the "laws, statutes, case law and Constitution of the State of Louisiana." Doc. 9, p. 4. Plaintiff argues that, since any reference to the U.S. Constitution and any other federal law was removed from her petition, we no longer have jurisdiction. This argument is baseless since plaintiff's proposed amended petition was stricken.

A district court must entertain suits that present a Constitutional claim "unless the federal question alleged is clearly immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous." *Walsh v. Louisiana High School Athletic Ass'n*, 616 F.2d 152, 156 (5th Cir. 1980). Plaintiff's initial petition made explicit claims for relief under the U.S. Constitution. Clearly plaintiff's complaints were not made "solely for the purpose of obtaining jurisdiction" given her subsequent effort to remove those allegations to *avoid* this court. Similarly plaintiff's claims are not "obviously without merit" or "clearly foreclosed by the previous decisions of the United States Supreme Court." *Walsh*, 616 F.2d at 156. Because we find that U.S. Constitutional claims existed on the face plaintiff's initial petition, and that neither of the exceptions articulated in *Walsh* apply, we find that this court had federal subject matter jurisdiction at the time of removal. Thus, removal was proper pursuant to 28 U.S.C. § 1441.

The court further notes, as suggested in defendants' oppositions, even if at some future date plaintiff is given leave to amend her petition as she previously attempted, this court would retain jurisdiction. Once our jurisdiction is established by the plaintiff's initial petition, subsequent removal of the federal claims does not divest our court of jurisdiction. *Gebbia v.*

*Walmart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *see also Ford, Bacon & Davis, Inc. v. Valentine*, 64 F.2d 800, 801 (5th Cir. 1933) ("Federal jurisdiction depends on the facts at the time suit is commenced, and subsequent changes neither confer nor divest it.").

Because this court has *original* federal question jurisdiction, if plaintiff should amend her petition, federal jurisdiction is not extinguished; rather, this court has discretion to retain supplemental jurisdiction pursuant to the court's reliance on the facts asserted in the removal notice. *See Brown v. Southwestern Bell*, 901 F.2d 1250, 1254-55 (5th Cir. 1990) (citing *In re Carter*, 618 F.2d 1093, 1101 (5th Cir. 1980)). Thus, any future attempt by plaintiff to amend her petition to remove any federal claim would not necessarily divest this court of jurisdiction.

## CONCLUSION

This court finds that removal was proper and it has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441. Accordingly, plaintiffs' motion to remand [doc. 9] is **DENIED**.

THUS DONE AND SIGNED in Chambers this 22nd day of September, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE