RECEIVED
OCT 15 2014
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DEBRA BOATNER** | : | **DOCKET NO. 2:14-2337** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **CITY OF LAKE CHARLES, ET AL** | : | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING

Before the court is a "Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted" (R. #3) wherein the defendant, City of Lake Charles, ("City") seeks to be dismissed from the instant proceeding pursuant to Federal Rule of Civil Procedure 12 (b)(6) because plaintiff's complaint fails to state a claim upon which relief can be granted against this defendant. Plaintiff has not objected to or responded to this motion. Also before the court is "Defendants' Motion to Strike Plaintiff's First Supplemental and Amending Petition" (R. #13) wherein the mover seeks to strike plaintiff's first supplemental and amending petition because plaintiff failed to comply with the Notice of Deficiency issued to plaintiff by the court.

### FACTUAL ALLEGATIONS

Plaintiff, Debra Boatner, has sued several defendants in this action for racial discrimination, retaliation, hostile work environment and intentional infliction of emotional distress. Plaintiff names as defendants Tim Leger, Judge John Hood, Judge Thomas Quirk, Monica Abshire, Lollie Bowes, the City of Lake Charles and Ward 3, Lake Charles City Court.

Boatner makes the following allegations in her complaint: Boatner, an African American,

was hired as a deputy clerk at Ward 3, Lake Charles City Court ("City Court") in October 1981. In the years that followed, employees were promoted to Clerk of Court based on seniority. Between 1981 and 2010, three Chief Deputy Clerks of Court were promoted to Clerk of Court– Betty Laurents, Laura Stratton and Lollie Bowes; all were "European Americans".

In May 2010, Judge Hood questioned Boatner about her continued employment and retirement plans; at the meeting, Judge Quirk announced that the Clerk of Court would no longer be appointed based on seniority. Boatner alleges that on August 30, 2011, Judges Hood and Quirk redistributed duties of the deputy clerks which included transferring some of her duties to defendant Abshire, who was later trained by defendant Bowes. Boatner further alleges that at that time, defendants Bowes and Abshire embarked upon a path of continuous conduct which created a hostile work environment resulting in an intentional infliction of emotional distress. Boatner alleges that such actions included taunting Boatner with derogatory comments, throwing her mail and work on her desk, excluding her from office activities and failing to notify her of office policy changes.

Boatner further complains about an argument between her and three co-workers (three African Americans and one European American). Boatner alleges that the consequences for the misconduct were that she and an African- American were given the option of suspension or termination, another African American was given a written reprimand, and the white employee received no disciplinary action. Boatner alleges that on another occasion, two European American employees also engaged in a loud disagreement, but no disciplinary action was taken. Boatner alleges that after filing an EEOC complaint she received a work performance evaluation which stated that she "needs improvement."[1]

---

[1] Complaint, ¶ 22.

Boatner also complains about posts Judge Quirk made about the 2008 elected African American president, suggesting that such posts were insensitive, bigoted and offensive.

Boatner alleges that she retired due to a hostile work environment. In addition to damages, Boatner seeks an order restraining and prohibiting defendants from contacting witnesses and menacing them, and from destroying or altering documents relevant to this matter.

## LAW AND ANALYSIS

In its motion, the City of Lake Charles ("City") moves to be dismissed from the instant lawsuit pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The City maintains that the complaint fails to state any fact upon which any cognizable claim exists concerning the legal responsibilities of the City of Lake Charles. Specifically, the complaint alleges facts that seek to establish intentional infliction of emotional distress, racial discrimination and a hostile work environment by defendants Judge John Hood, Judge Thomas Quirk, Court Administrator Tim Leger, Clerk Lollie Bowes and Clerk Monica Abshire. Notably, the complaint alleges no facts with respect to the City other than that Ms. Boatner filed a grievance with the City's Human Resources Department which allegedly "punted a decision to defendants Hood and Quirk."[2]

The City submits that pursuant to Louisiana Statutory law, the City and its judges operate independently and have complete autonomy with respect to hiring and/or firing their staff. Louisiana Revised Statute § 13:1884 provides as follows:

**§ 1884 Clerk of Court; appointment, term of office**

> Except as otherwise provided by law, the judge of each city court may appoint a clerk for both the civil and criminal sections of the court who shall serve at the pleasure of the judge and until his successor is appointed and qualified.

---

[2] Complaint, ¶ 20. R. #1.

3

Also relevant is Louisiana Revised Statute § 13:1887 which provides as follow:

> **§ 1887.    Deputy clerk; qualifications, powers and duties**
>
> The judge may appoint one or more deputy clerks to serve at the pleasure of the judge. Deputy clerks shall have the same qualifications, shall post the same bond, and have the same powers and duties as the clerk.

The City has cited several cases which have held that no vicarious liability exists on behalf of a parish for the alleged tortious conduct of an employee of a statutorily created city.[3] The court finds that the City of Lake Charles is independent from the City Court and its officials/employees. Thus, the City cannot be held liable vicariously and will be dismissed.

*Motion to strike*

In its motion, defendants seek to strike from the record plaintiff's First Supplement and Amending Petition filed on August 18, 2014[4] because plaintiff failed to timely comply with the court's Notice of Deficiency issued on August 19, 2014.[5] Plaintiff has not responded or objected to this motion.

The court notes that on September 16, 2014 Magistrate Judge Kay issued an order[6] striking the First Supplement and Amending Petition for the reasons set forth in defendant' motion to strike. Finding the order entirely correct, the undersigned will affirm Magistrate Kay's order and grant

---

[3] See Cosenza v. Aetna Ins. Co., 341 So.2d 1304 (La.App. 3d Cir. 1977); Thibodeaux v. Arceneaux, 618 F.Supp. 24 (W.D. La. 1984).

[4] R. #8.

[5] R. #10.

[6] R. #18.

defendants' motion.

## CONCLUSION

For the reasons set forth above, the motion to strike will be granted and the motion to dismiss the City of Lake Charles will be granted.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 15th day of October, 2014.

  
_____  
JAMES T. TRIMBLE, JR.  
UNITED STATES DISTRICT JUDGE